IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NORTH AUGUSTA MANAGEMENT GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 110-061 |
| SOUTHWEST GOLF GROUP, INC., and COURTNEY SETTLE, | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The matter is now before the Court on Plaintiff's "Motion for Sanctions" ("first motion for sanctions") (doc. no. 21), as well as Plaintiff's "Second Motion for Sanctions" (doc. no. 23). Neither Defendant filed a response to the first motion for sanctions, and therefore, under Loc. R. 7.5, it is deemed unopposed. Defendant Settle has filed a response to Plaintiff's second motion for sanctions in the form of a "Motion for Dismissal." (Doc. no. 24.) Plaintiff has filed a response to Defendant Settle's "Motion for Dismissal." (Doc. no. 25.) For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's first motion for sanctions be **GRANTED IN PART** and that its second motion for sanctions be **GRANTED IN PART**. Defendant Settle should pay Plaintiff's attorney's fees and expenses generated by the preparation of the first motion for sanctions, Defendant Southwest Golf Group, Inc., should pay Plaintiff's attorney's fees and expenses generated by Plaintiff's attempts to receive discovery information and the preparation of the

resultant second motion for sanctions, and default should be entered against Defendant Southwest Golf Group, Inc. Additionally, Defendant Settle's motion to dismiss should be **DENIED**.

## I. BACKGROUND

Plaintiff commenced this civil action in this Court on May 3, 2010. (Doc. no. 1.) Defendants answered Plaintiff's complaint on June 15, 2010 (doc. no. 10); however, Defendants' attorneys filed a motion to withdraw on July 12, 2010, which was granted on July 26, 2010. (Doc. nos. 14, 16.) A Scheduling Order was entered setting the discovery deadline for November 2, 2010, and in that Order the Court informed Defendant Southwest Golf Group, Inc., that, as a corporate entity, it could not proceed *pro se* in this action. (Doc. no. 18.) On July 29, 2010, Plaintiff provided the Court with a Certificate of Service stating that it had served its initial disclosures required under Fed. R. Civ. P. 26(a) on both Defendants. (Doc. no. 19.)

Plaintiff filed its first motion for sanctions in October 7, 2010, stating that both Defendants failed to provide it with any initial disclosures as required under Fed. R. Civ. P. 26(a). (Doc. no. 21.) Soon thereafter, on October 26th, Plaintiff filed its second motion for sanctions which only pertains to Defendant Southwest Golf Group, Inc. (Doc. no. 23.) In its second motion for sanctions, Plaintiff states that Defendant Southwest Golf Group, Inc., failed to appear for its scheduled deposition, of which it had proper notice. (Id. at 1-2.)

## II. DISCUSSION

### A. Defendant Southwest Golf Group, Inc.

#### i. Failure to Obtain Counsel

In both Plaintiff's first motion for sanctions and its second motion for sanctions, Plaintiff states that one of the grounds on which it seeks sanctions against Defendant Southwest Golf Group, Inc., is its failure to obtain an attorney. (Doc. nos. 21, 23.) In its first motion for sanctions, Plaintiff requests, among other things, an entry of default judgment. (Doc. no. 21, p. 2.) Failure to obtain an attorney is not a ground for bringing a motion for sanctions under Fed. R. Civ. P. 26(a); however, failure of a corporate party to obtain counsel can be grounds for entry of default against that party. See Am. Res. Ins. Co. v. Evoleno Co., CV 107-035, 2008 WL 4701350 at *3 (S.D. Ala. Oct. 23, 2008). As stated above, Defendant Southwest Golf Group, Inc., has been without counsel since its prior attorneys were allowed to withdraw on July 26, 2010. (Doc. no. 16.) District courts in the Eleventh Circuit have found that an entry of default against a corporate defendant is an appropriate consequence of failing to obtain counsel. In Evoleno, the court, citing cases from the Second, Eighth and Ninth Circuits, stated that the failure of an artificial entity, like a corporation, to obtain counsel in violation of an order or rule, has been held to support an entry of default, and eventual default judgment, against the entity. This is true even in the absence of violations of other rules or orders. Id. The court in Evoleno entered default against a corporate defendant who had violated four court orders and had failed to obtain counsel. Id. In CNH Capital Am., LLC v. Se. Aggregate, Inc., CV 608-027, 2009 WL 2391242 at *2-*3 (S.D. Ga. Aug. 9, 2009), the Honorable B. Avant Edenfield, United States District Judge, cited

3

Evoleno in deciding to enter a case into default based upon a corporate defendant's failure to obtain an attorney. Judge Edenfield eventually issued a default judgment against the corporate party. CNH Capital Am., LLC v. Se. Aggregate, Inc., CV 608-027, 2009 WL 3172353 at *3-*4 (S.D. Ga. Oct. 1, 2009).

The failure of Defendant Southwest Golf Group, Inc., to obtain counsel in the current action supports an entry of default against that Defendant in this case. Defendant Southwest Golf Group, Inc., has had nearly four months in which to locate new counsel. This amount of time is comparable to the "more than four months" without counsel in CNH Capital, and the approximately seven months without counsel in Evoleno. CNH Capital 2009 WL 2391242 at *2; Evoleno, 2008 WL 4701350 at *1. Also, like the defendants in CNH Capital and Evoleno, Defendant Southwest Golf Group, Inc., has violated a Court Order by failing to obtain counsel. In the current action, Defendant Southwest Golf Group, Inc., was told in the July 28, 2010 Scheduling Order that it needed to obtain counsel in order to continue this case in federal court. (Doc. no. 18, p. 1 n.1 (*citing* Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).) Under Fed. R. Civ. P. 16(f)(c), a court has the authority to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(vi) grants a court discretion to "[render] a default judgment against the disobedient party." Thus, the failure of Defendant Southwest Golf Group, Inc., to obtain counsel despite the Court's instructions to do so in the Scheduling Order supports an entry of default against that Defendant. Additionally, Defendant Southwest Golf Group, Inc., has failed to make initial disclosures under Fed. R. Civ. P. 26(a), and has failed to appear for its scheduled deposition. (Doc. nos. 21, 23.)

4

Finally, Defendant Southwest Golf Group, Inc., currently has no Registered Agent to serve copies of this Report and Recommendation or any other court documents upon. (Doc. no. 23, p. 2, Ex. B.) In other words, if this Court were to send warnings to Defendant Southwest Golf Group, Inc., instructing it to obtain counsel or face default judgment, there is no method by which the Court could deliver such warnings or Orders upon this Defendant. Thus, the Court recommends that default be entered against Defendant Southwest Golf Group, Inc.

### ii. Plaintiff's Second Motion for Sanctions

In its second motion for sanctions, Plaintiff requests, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i), that the Court strike the pleading of Defendant Southwest Golf Group, Inc., award Plaintiff appropriate attorney's fees, extend the discovery deadline if necessary, and grant such other relief as is necessary and just. (Doc. no. 23, p. 4.) Plaintiff states that it scheduled a deposition for, and sent notice to Defendant Southwest Golf Group, Inc., for October 25, 2010. (Id. at p.1, Ex. A.) The parties had agreed in their Rule 26(f) report to conduct depositions remotely, either via telephone or live video. (Doc. no. 17, p. 4.) Defendant Settle appeared at his scheduled deposition at 1:00 p.m. on October 25, 2010. (Doc. no. 23, p. 2.) Plaintiff states that during Defendant Settle's deposition, Defendant Settle stated that he was not representing Defendant Southwest Golf Group, Inc., but that he had received the Notice of Deposition for Defendant Southwest Golf Group, Inc., and had delivered it to the president of that company. (Id.)

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"

5

Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Plaintiff relies on Fed. R. Civ. P. 37 to support its request for the Court to enter a default judgment based on Defendant's failure to cooperate in discovery. (Doc. no. 23.) Under Fed. R. Civ. P. 37(d)(3), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party.[2] Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal may be appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).

Because the Court has already recommended that Defendant Southwest Golf Group,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[2] Fed. R. Civ. P. 37(d)(3) states that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Inc., should be adjudicated in default because of its failure to obtain counsel, the Court finds that the sanction of paying the attorney's fees and expenses generated by Plaintiff's attempts to receive discovery information and the preparation of the resultant second motion for sanctions would be appropriate.

Should the district court adopt this Court's recommendation for monetary sanctions, Plaintiff's counsel should submit a request for expenses incurred in the attempt to receive discovery information and the preparation of the second motion for sanctions within fifteen (15) days of the date of the district court's final action on this recommendation; Defendants should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

**B.     Defendant Settle**

Defendant Settle is only named in the first motion for sanctions[3] in which Plaintiff requests, pursuant to Fed. R. Civ. P. 37(c)(1), that the Court strike Defendants' pleadings, render a default judgment, or grant other relief as is necessary and just. (Doc. no. 21, p. 2.) Plaintiff states that the parties stipulated in their 26(f) report, that initial disclosures under

---

[3] Although Defendant Settle is not named in the second motion for sanctions, he filed a response to Plaintiff's second motion for sanctions as part of "Defendants Motion for Dismissal." (Doc. no. 24.) In the response/motion to dismiss, Defendant Settle states that he has responded to all requests from Plaintiff's attorney. (Id.) Defendant Settle goes on to state that he was an employee of Defendant Southwest Golf Group, Inc., and that he acted upon instructions from the president of that company. (Id.) Defendant Settle then requests that all claims against him be dismissed. (Id.) In its reply, Plaintiff argues that Defendant Settle's single sentence argument does not provide any legal grounds for dismissal of the claims against him. (Doc. no. 25, p. 1.) The Court agrees. Therefore, the Court recommends that Defendant Settle's motion to dismiss be **DENIED**

Fed. R. Civ. P. 26(a)(1) would be made by July 29, 2010.[4] (Id. at p. 1.) Plaintiff then states that Defendants have failed to provide any of the required information under Fed. R. Civ. P. 26(a)(1). (Id.)

As in the second motion for sanctions, Plaintiff relies on Fed. R. Civ. P. 37 to support its request for the Court to enter a default judgment based on Defendant's failure to cooperate in discovery. (Doc. no. 23.) Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party.[5] As discussed above, the Court has broad discretion to tailor appropriate sanctions under Rule 37, but this discretion is not unbridled. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d at 1317. See also Blakeney, 8 F.3d at 790; American Cast Iron Pipe Co., 784 F.2d at 1556.

In addition to the mandatory sanctions listed in Fed. R. Civ. P. 37(c)(1) for failure to make required disclosures under Rule 26(a)(1), the Court finds that the lesser sanction of paying Plaintiff's attorney's fees and expenses generated by the preparation of the motion for sanctions would be an appropriate sanction to deter Defendant Settle from further misconduct in this case, but yet allow the case to proceed to an investigation of the merits of Plaintiff's claims.[6]

---

[4]Although the 26(f) report states that the parties would make their initial disclosures by June 29, 2010, the 26(f) conference was held on July 15, 2010, indicating that the parties intended to list July 29 as the date by which to make initial disclosures. (Doc. no. 17, p. 1.)

[5]Fed. R. Civ. P. 37(c)(1)(C) provides that sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

[6]The Court has already recommended that Defendant Southwest Golf Group, Inc., pay the attorney's fees in connection with Plaintiff's second motion for sanctions and that default be entered against that Defendant. Additionally, the Court finds that having Defendant

8

Should the district court adopt this Court's recommendation for monetary sanctions rather than default judgment, Plaintiff's counsel should submit a request for expenses incurred in the preparation of the first motion for sanctions within fifteen (15) days of the date of the district court's final action on this recommendation; Defendants should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's first motion for sanctions be **GRANTED IN PART** and that its second motion for sanctions be **GRANTED IN PART**. Defendant Settle should pay Plaintiff's attorney's fees and expenses generated by the preparation of the first motion for sanctions, Defendant Southwest Golf Group, Inc., should pay Plaintiff's attorney's fees and expenses generated by Plaintiff's attempts to receive discovery information and the preparation of the resultant second motion for sanctions, and default should be entered against Defendant Southwest Golf Group, Inc. Additionally, Defendant Settle's motion to dismiss should be **DENIED**. Should the district court adopt this Court's recommendation for monetary sanctions against Defendants Settle and Southwest Golf Group, Inc., Plaintiff's counsel should submit a request for expenses incurred in its attempts to receive discovery and preparation of the resultant first motion for sanctions, and second motion for sanctions within fifteen (15) days

---

Southwest Golf Group, Inc., split the cost of the attorney's fees in connection with Plaintiff's first motion for sanctions would have no additional deterrent effect upon Defendant Southwest Golf Group, Inc., but would decrease the deterrent effect upon Defendant Settle. Therefore, the Court recommends that Defendant Settle pay the entirety of the attorney's fees in connection with Plaintiff's first motion for sanctions.

of the date of the district court's final action on this recommendation; Defendants should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

SO REPORTED and RECOMMENDED this 21st day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE