IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NORTH AUGUSTA MANAGEMENT GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 110-061 |
| SOUTHWEST GOLF GROUP, INC., and COURTNEY SETTLE, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed.[1]

Accordingly, the R&R of the Magistrate Judge, as modified herein, is **ADOPTED** as the

---

[1] A copy of the Magistrate Judge's December 21, 2010 R&R, along with a simultaneously entered Order informing Defendants of the proper method for objecting to the R&R (doc. nos. 26, 27) was mailed to Defendant Settle and to Lawyer's Aid Services, Inc. ("Lawyer's Aid"), the last known registered agent of Defendant Southwest Golf Group, Inc.

Subsequently, Lawyer's Aid returned the R&R and Order to the Court, along with a letter confirming that it was no longer the registered agent of Defendant Southwest Golf Group, Inc. (Doc. no. 28.) It also included a document indicating that Defendant Southwest Golf Group, Inc., had been involuntarily dissolved. (Id., Attach. 3.) On February 10, 2011, recognizing that the entry of default is a severe sanction, the Magistrate Judge ordered service of the R&R upon Bradley J. Robinson due to his obligation under Texas law as former director of Southwest Golf Group, Inc., to defend the interests of that company in the instant case. (See doc. no. 29, pp. 2-3 (citing Hood Bros. Partners, L.P. v. USCO Distrib. Serv., Inc., 140 F.3d 1386, 1388 n.1 (11th Cir. 1998); Tex. Bus. Orgs. Code §§ 11.356(a)(1), 11.357). Neither Defendant Settle nor Mr. Robinson has filed an objection to the Magistrate Judge's R&R as provided for in the December 21, 2010, and February 10, 2011 Orders.

opinion of the Court. Therefore, Plaintiff's first motion for sanctions (doc. no. 21) is **GRANTED IN PART**. The Court agrees with the Magistrate Judge's recommendation to decline Plaintiff's request to enter a default judgment against Defendant Settle or strike his pleadings. Instead, Defendant Settle shall pay Plaintiff's attorney's fees and expenses generated by the preparation of the first motion for sanctions. Plaintiff's counsel shall file a motion for expenses incurred in bringing its first motion for sanctions within fifteen (15) days of the date of this Order. Defendant Settle shall have 15 days to respond to Plaintiff's motion.

Additionally, the **CLERK OF COURT** is **DIRECTED** to **ENTER** Defendant Southwest Golf Group, Inc., **INTO DEFAULT** due to its continued failure to obtain counsel. Furthermore, Plaintiff's second motion for sanctions (doc. no. 23) is **GRANTED IN PART**. Defendant Southwest Golf Group, Inc., is ordered to pay Plaintiff's attorney's fees and expenses generated by Plaintiff's attempts to obtain discovery information and the preparation of the resultant second motion for sanctions.[2] Plaintiff's counsel shall file a motion for attorney's fees and expenses incurred as the result of Plaintiff's attempts to obtain

---

[2] If Defendant Southwest Golf Group, Inc., fails to pay this sanction, that failure can be taken into consideration by the Court should Plaintiff file a motion for default judgment against it. See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (affirming the imposition of fines in addition to default judgment by the Honorable B. Avant Edenfield, United States District Judge, based on the defendants' willful violation of court orders) (citations omitted). Furthermore, an entry of default judgment against Defendant Southwest Golf Group, Inc., will not necessarily relieve it of its obligation to pay this monetary sanction, and could lead to the imposition of interest. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052-53 (11th Cir. 1994) (confirming the defendant's duty to pay sanctions imposed against it prior to final judgment, and concluding that the defendant must also pay interest on the sanctions calculated from the date of final judgment) (citations omitted).

discovery and by the preparation of the second motion for sanctions, within fifteen (15) days of this Order. However, as corporate entities cannot proceed *pro se*, the Court will not entertain any response filed by Defendant Southwest Golf Group, Inc., regarding Plaintiff's motion for expenses until it has obtained counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Finally, Defendant Settle's motion to dismiss (doc. no. 24) is **DENIED**.

SO ORDERED this 28th day of March, 2011, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA