ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL -8 AM 10: 26

CLERK _CAdams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NORTH AUGUSTA MANAGEMENT GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 110-061 |
| SOUTHWEST GOLF GROUP, INC., and COURTNEY SETTLE, | ) ) ) | |
| Defendants. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's "Notice of Failure to Obey Order," in which it requests an order striking Defendant Settle's pleadings and entering a default judgment against both Defendants. (Doc. no. 37.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to render a default judgment against both Defendants be **DENIED**, that Plaintiff's request to strike Defendant Settle's pleadings be **GRANTED**, and that default be entered against Defendant Settle.

I.  **BACKGROUND**

In this case, Plaintiff claims that Defendants Settle and Southwest Golf Group, Inc. ("Southwest Golf"), committed fraud and breached a lease contract for the North Augusta Golf and Country Club, as well as two other properties, located in Aiken and Edgefield, South Carolina. (See generally doc. no. 1.) Defendants filed a joint answer denying the allegations. (Doc. no. 10.) However, counsel for Defendants then filed a motion to

withdraw, and that motion was granted by the Honorable J. Randal Hall, United States District Judge. (Doc. nos. 14, 16.) Soon thereafter, Defendant Southwest Golf was informed by the Court in the Scheduling Order that, as a corporate entity, it could not appear *pro se* in federal court. (Doc. no. 18, p. 1 n.1.)

Plaintiff then filed a first and second motion for sanctions, stating that neither Defendant had made initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and that Defendant Southwest Golf had failed to appear for a scheduled deposition, respectively. (Doc. nos. 21, 23.) Although not named in the second motion for sanctions, Defendant Settle responded to it by filing a "Motion for Dismissal," claiming that he had responded to all requests from Plaintiff and requesting that all claims against him be dismissed. (Doc. no. 24.) Thereafter, the Court issued a Report and Recommendation ("R&R") advising that Plaintiff's first motion for sanctions against both Defendants, as well as Plaintiff's second motion for sanctions against Defendant Southwest Golf be granted in part, and that Defendant Settle's "Motion for Dismissal" be denied. (Doc. no. 26, pp. 9-10.) The Court also recommended that default be entered against Defendant Southwest Golf for its continued failure to obtain counsel.[1] (Id.)

---

[1] A copy of the R&R, along with a simultaneously entered Order informing Defendants of the proper method for objecting to the R&R (doc. no. 27) was mailed to Lawyer's Aid Services, Inc. ("Lawyer's Aid"), the last known registered agent of Defendant Southwest Golf. Subsequently, Lawyer's Aid returned the R&R and Order to the Court along with a letter confirming that it was no longer the registered agent of Defendant Southwest Golf. (Doc. no. 28.) Included with the letter was a printout from the website of the Texas Secretary of State indicating that Defendant Southwest Golf had been involuntarily dissolved. (Id., Attach. 3.)

Because Southwest Golf was incorporated in Texas, the Court applied Texas law and determined that, due to the company's dissolution, Bradley J. Robinson, the sole director of Southwest Golf became responsible for protecting the interests of that company upon its dissolution. (Doc. no. 29, pp. 1-3.) Therefore, the Court ordered that a second copy of the

2

On March 28, 2011, Judge Hall adopted the R&R as the opinion of the district court (Doc. no. 30.) Consequently, default was entered against Defendant Southwest Golf. (See id.; doc. no. 31.) Additionally, Plaintiff was directed to furnish a separate request for expenses incurred in bringing both its first and second motion for sanctions within fifteen (15) days of the date of that Order. (Id.) Plaintiff complied with the March 28th Order and submitted its first and second "Motion for Attorney Fees and Expenses" (doc. nos. 33, 34), which the Court subsequently granted in its May 16, 2011 Order. (Doc. no. 35.) The Court ordered Defendant Settle and Defendant Southwest Golf to pay Plaintiff $652.50 and $675.00, respectively, within fifteen days of the Order. (Id. at 3-4.) The Court also ordered Plaintiff to notify the Court within seven days of the deadline if either Defendant failed to pay by the deadline. (Id. at 4.) Defendants were admonished that non-compliance with the May 11th Order could lead the Court to impose further sanctions under Fed. R. Civ. P. 37(b).

Plaintiff complied with the Court's Order and filed its "Notice of Failure to Obey Order" on June 7, 2011. (Doc. no. 37.) In its notice, Plaintiff informs the Court that neither Defendant had paid any amount of the fees ordered by the Court as of June 7th. (Id. ¶ 2.) Therefore, Plaintiff requests that the Court strike Defendant Settle's pleadings and render a default judgment against both Defendants. (Id. ¶ 3.)

---

R&R and accompanying order be served upon Bradley Robinson. (Id. at 3.) There is nothing on the docket to indicate that the R&R and accompanying Order were not successfully delivered to the address on file for Mr. Robinson. However, every attempt to deliver subsequent filings and orders to Mr. Robinson have been returned as undeliverable. (See doc. nos. 32, 36.)

3

## II. DISCUSSION

### A. Request for Default Judgment Against Defendant Southwest Golf and Defendant Settle

As stated, *supra*, Defendant Southwest Golf is currently in default. Therefore, the Court will consider the merits of entering default judgment against that Defendant. Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). However, entry of default judgment is often appropriate when "noncompliance is due to willful or bad faith disregard of court orders." Adolph Corrs Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Here, the facts weigh heavily in favor of entering default judgment against Defendant Southwest Golf. First, as noted, *supra*, Defendant Southwest Golf has failed to obtain counsel to represent it in the current action for nearly a year, despite the Court's repeated admonishments that a corporate defendant cannot proceed *pro se* in federal court. (See doc. nos. 16, 18, 26.) It has also been nearly a year since the Court last received any communication from Defendant Southwest Golf, despite numerous attempts to contact it. (See doc. nos. 17, 28, 29, 32, 36.) During that time, Defendant Southwest Golf was involuntarily dissolved, but failed to notify the Court of that fact. (See doc. no. 28.) Additionally, despite there being no

4

indication on the docket that the Court's December 21, 2011 R&R and accompanying Order were not properly delivered to Defendant Southwest Golf's former sole director, Mr. Robinson, no response was received by the Court regarding the R&R. Moreover, as stated, *supra*, every subsequent attempt to serve documents on Mr. Robinson have been returned as undeliverable. Finally, Defendant Southwest Golf has ignored the Order of this Court requiring it to pay $675.00 in fees to Plaintiff as a sanction for failing to attend its scheduled deposition. (See doc. nos. 35, 37.)

Therefore, at this point, the Court comfortably concludes that Defendant Southwest Golf's noncompliance is the result of willfulness and/or bad faith. If the entry of default and the levying of monetary sanctions are insufficient to spur Defendant Southwest Golf into action, then any lesser sanction surely will not suffice.

However, it is well-established that where defendants are jointly liable, or jointly and severally liable, and one defendant defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with respect to all defendants. See Gulf Coast Fans, Inc. v. Chan Kan Ping, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872)); In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2008). This principle helps to avoid the risk of inconsistent judgments. See Kapadia v. Thompson, No. 06-cv-1359, 2008 WL 5225813, at *3 (D. Ariz. Dec. 15, 2008). Here, Plaintiff has alleged that Defendant Settle has not made payment on a promissory note in the amount of $250,000.00, which, according to Plaintiff's lease contract with Defendant Southwest Golf, was to be paid in the event of a breach of that lease contract. (See doc. no. 1 ¶¶ 12-15; Ex. B, ¶ 36; Ex. C.) However, according to the lease contract and the promissory

note itself, Defendant Settle and Defendant Southwest Golf are "co-obligors" to the promissory note and are jointly and severally liable for the $250,000.00 that Plaintiff alleges is now due under the promissory note. (Doc. no. 1, Ex. B, ¶ 36; Ex. C.)

Here, there has been no entry of default as to Defendant Settle, and therefore, there can be no entry of default judgment against either Defendant. As to Defendant Settle, Fed. R. Civ. P. 55 clearly delineates the procedure for obtaining a default judgment, and requires that an entry of default precede an entry of default judgment. See Fed. R. Civ. P. 55(a), (b); see also Everything Parking, Inc. v. Houston Econ. Dev. Ass'n, No. 110-cv-764, 2011 WL 2215716, at *2-3 (M.D. Ala. June 7, 2011). Therefore, default judgment should not be entered against Defendant Settle as no entry of default has yet been made against him. Additionally, because there is no entry of default against Defendant Settle, the Court finds that default judgment should not be entered against Defendant Southwest Golf in order to avoid "logically inconsistent judgments in the same action." Kapadia, 2008 WL 5225813 at *3.

In sum, as Defendants Settle and Southwest Golf are jointly and severally liable for at least part of the damages that Plaintiff seeks, and because there is currently no entry of default against Defendant Settle, the Court recommends that Plaintiff's request to render a default judgment against both Defendants be **DENIED**.

### B. Request That Defendant Settle's Pleadings Be Struck

As with the entry of default judgment under Fed. R. Civ. P. 37(b), the striking of pleadings and entry of default are severe sanctions which require a showing of bad faith and should only be imposed when lesser sanctions will not suffice. See Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988); Hickman v. Carnival Corp., No. 04-20044 CIV, 2005 WL

6

3675961, at *1 (S.D. Fla. July 11, 2005). Here, Defendant Settle has made no filings or other communication with the Court since November 2010, despite there being no indication on the docket that the orders mailed to Defendant Settle have been returned as undeliverable.[2] Additionally, Defendant Settle failed to obey the Court's Order to pay Plaintiff $652.50 in fees as a sanction for failing to make the required initial disclosures under Fed. R. Civ. P. 26(a)(1). (Doc. nos. 35, 37.) Thus, the record clearly indicates a pattern of unresponsiveness and disregard of the Court's Orders, indicating that lesser sanctions will not suffice. Therefore, the Court recommends that Plaintiff's request to strike Defendant Settle's pleadings be **GRANTED**, and that default be entered against Defendant Settle.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to render a default judgment against both Defendants be **DENIED**, that Plaintiff's request to strike Defendant Settle's pleadings be **GRANTED**, and that default be entered against Defendant Settle.

SO REPORTED and RECOMMENDED this 8th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court's Scheduling Order was returned as undeliverable as to Defendant Settle due to the Order being sent to the wrong address. (Doc. no. 20.) Defendant Settle's address was corrected on the docket, and there have been no further indications of any mailings to Defendant Settle being returned as undeliverable.